**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN MANUEL TINCOPA-SANCHEZ,
a.k.a. Juan Sanchez-Tincopa,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-70943

Agency No. A099-577-131

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Juan Manuel Tincopa-Sanchez, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we deny the petition for review.

Substantial evidence supports the agency's denial of asylum because Tincopa-Sanchez failed to establish the harm he suffered, or fears, from the Shining Path is on account of an imputed political opinion. *See id.* at 481 n.1 ("[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Cruz-Navarro v. INS*, 232 F.3d 1024, 1030 (9th Cir. 2000) (police officer threatened by Shining Path guerrillas because they believed he was an informant did not establish persecution on account of an imputed political opinion). Accordingly, we deny the petition as to Tincopa-Sanchez's asylum claim.

Because Tincopa-Sanchez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Tincopa-Sanchez failed to raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**